**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BONITA THOMAS                             :
140 West 6th Street
Chillicothe, Ohio 45601                   :

        Plaintiff,                 :        CASE NO. 2:18-cv-1719

        v.                         :        JUDGE

FLOUR-BWXT PORTSMOUTH, LLC    :        MAGISTRATE JUDGE
c/o Corporation Service Company
50 West Broad Street, Ste. 1330           :
Columbus, Ohio 43215
                              :

        Defendant.

## PLAINTIFF BONITA THOMAS' COMPLAINT
### (w/ Jury Demand)

NOW COMES Plaintiff Bonita Thomas, by and through counsel, and proffers this Complaint for damages against Defendant Fluor-BWXT Portsmouth, LLC.

## THE PARTIES

1.    Plaintiff is an African-American natural person over 40 years of age at all relevant times residing in the Ross County, Ohio.

2.    Defendant is a domestic limited liability company with facilities in Pike County, Ohio.

## JURISDICTION AND VENUE

3.    Counts I and II are both brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.  Count III is based on the same core of operative fact, and the Court therefore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that Defendant's facilities in Pike County, Ohio, is the location at which all of the events in question took place.

**FACTUAL BACKGROUND**

5.    Plaintiff has worked for Defendant from March 30, 2010 first as an Escort, then as an Administrative Technician, and finally as a Janitor at the time of her discharge on February 8, 2018.

6.    The reason Defendant gave Plaintiff for termination on the date of her termination was allegedly ongoing falsification of her time records.

7.    Prior to the date of her termination, Plaintiff had never been counseled in any fashion for problems with her time records, and her supervisors reviewed and always approved of her timesheets on a weekly basis.

8.    Defendant later alleged that it also terminated Plaintiff's employment for Plaintiff's alleged failure to follow call-in procedures something which Plaintiff made more than reasonable efforts to follow but was blocked by unavailability of the proper channels to report her absences, a fact which she reported to Defendant more than once.

9.    Finally, Defendant also later alleged that Plaintiff was not performing her duties as a Janitor.

10.    Plaintiff states that she was following any and all procedures that she was trained for, and that she received generally favorable reports from supervision and co-workers on the quality of her work.

11.    Plaintiff was terminated within days before she would have become a Union employee, i.e. just before the end of her 90-day probation in her job as a Janitor. This was done so that Defendant could avoid having to defend its action under the collective bargaining agreement

which it could not have reasonably done.

12. On January 21, 2017, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and/or age discrimination led to her termination.

13. Plaintiff knew of younger White co-workers on probation in her position whose timesheets were corrected by supervision without the co-worker being penalized in any way and for whom other shortcomings were overlooked and/or counseled without incident, i.e they were not disciplined and/or maintained their employment.

14. On or about November 9, 2018, Plaintiff received a Notice of Suit Rights from the EEOC on the Charge referred to in ¶ 12 above.

**<u>COUNT I</u>**
**RACE DISCRIMINATION**
**42 U.S.C. § 2000e et seq.**

15. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-14 above as if fully rewritten here.

16. Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(d).

17. Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b).

18. Plaintiff has been discriminated against on the basis of her race in her discipline and discharge in violation of 42 U.S.C. § 2000e-2(a)(1).

19. Defendant's violations of 42 U.S.C. § 2000e-2(a)(1) entitle Plaintiff, pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a, to monetary damages which include back pay and benefits, compensatory damages, and attorney's fees and costs of bringing this litigation, in

an amount to be determined at trial, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay.

## COUNT II
## AGE DISCRIMINATION
### 29 U.S.C. § 621 et seq.

20.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-19 above as if fully rewritten here.

21.     Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

22.     Defendant was an "employer" as defined by 29 U.S.C. § 630(b).

23.     Plaintiff has been discriminated against on the basis of her age in her discipline and discharge in violation of 29 U.S.C. § 623(a).

24.     Defendant's violations of 42 U.S.C. § 623(a) entitle Plaintiff, pursuant to 29 U.S.C. § 626, to monetary damages which include back pay and benefits, liquidated damages in an amount equal to lost pay and benefits damages, and attorney's fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including lost pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay; and,

for Count II, monetary damages which include back pay and benefits, liquidated damages in an amount equal to lost pay and benefits damages, and attorney's fees and costs of bringing

4

this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay.

## **JURY DEMAND**

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881