IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BONITA THOMAS,

    Plaintiff,

  v.                              Civil Action 2:18-cv-1719
                                    Judge James L. Graham
                                    Magistrate Judge Jolson

FLUOR-BWXT PORTSMOUTH, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on Defendant's Motion to Dismiss for Failure to Prosecute. (Doc. 25). For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion be **GRANTED**, and that Plaintiff's claims be **DISMISSED** in their entirety.

Plaintiff filed this case on December 1, 2018, asserting, generally, that Defendant wrongly terminated her on the basis of her race. (*See generally* Doc. 1). The parties exchanged initial discovery in the spring and fall of 2019. (*See* Doc. 25-1, ¶¶ 3–4). Since serving her initial discovery requests, Plaintiff has made no further attempts to conduct discovery. (*Id*., ¶ 3). On December 12, 2019, Defendant served a set of interrogatories and requests for production of documents. (*Id*.). To date, Plaintiff has failed to respond to those discovery requests. (*Id*., ¶ 6).

On December 12 and 16 of 2019, counsel for Defendant contacted Plaintiff's then-counsel to request dates to take Plaintiff's deposition, but did not receive a response. (*Id*., ¶¶ 5, 7). Defendant then noticed Plaintiff's deposition for January 6, 2020, and thereafter, Plaintiff's then-counsel advised Defendant's counsel that the deposition could not proceed on that date because Plaintiff was avoiding contact with him. (*Id*., ¶ 11). Defendant then noticed a deposition for January 13, 2020, and Plaintiff's then-counsel again canceled because he could not get in touch

with Plaintiff. (*Id.*, ¶ 14). Plaintiff's counsel then moved to withdraw, which the Undersigned granted on January 14, 2020, (*see* Docs. 17, 20).

On January 22, 2020, the Undersigned granted Defendant's Motion for Leave to Assert Counterclaims. (*See* Docs. 21, 22). As of this date, Plaintiff has not answered those counterclaims. On January 28, 2020, Plaintiff filed a motion stating that she had been unable to find new counsel and indicating that she was unsure whether she wanted to proceed with this lawsuit. (Doc. 23). So, on January 30, 2020, the Undersigned directed the parties to meet and confer. (Doc. 24). To date, Plaintiff has not responded to Defendant's requests to meet and confer and, since her attorney withdrew in January, Plaintiff has not contacted counsel for Defendant or otherwise appeared in this matter. In its Motion to Dismiss, Defendant represents that Plaintiff "has done nothing to advance this case for nearly a year, and has now ceased all contact with [it] in this matter, making it impossible for [it] to marshal its own defense." (Doc. 25 at 1).

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

>dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

As it appears that Plaintiff has abandoned this case, that is what must happen here. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** that this case be **DISMISSED** for want of prosecution. Moreover, because Defendant has agreed to the dismissal of its counterclaims (*see* Doc. 25), Defendant's counterclaims are hereby **DISMISSED without prejudice**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  July 31, 2020                                          /s/ Kimberly A. Jolson
                                                                     KIMBERLY A. JOLSON
                                                                     UNITED STATES MAGISTRATE JUDGE